IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS RAKESTRAW, § | |
|    Movant, § | |
| § | No. 3:21-cv-1342-M (BT) |
| v. § | No. 3:17-cr-469-M-1 |
| § | |
| UNITED STATES OF AMERICA, § | |
|    Respondent. § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Demarcus Rakestraw's motion to withdraw his motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, Rakestraw's motion to withdraw will be granted, and this § 2255 action will be dismissed without prejudice.

### Background

Rakestraw pleaded guilty to the following offenses charged in the indictment: (1) possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (count two); and (2) being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count three). (CR Doc. 109 at 1.) On January 28, 2020, he was sentenced to imprisonment for 135 months on count two and imprisonment for 120 months on count three, with the terms ordered to run concurrently. (*Id.* at 2.) Rakestraw appealed to the Fifth Circuit Court of Appeals. (CR Doc. 111.) On April 8, 2021, the Fifth Circuit dismissed the appeal as frivolous. (CR Doc. 149.)

Rakestraw then sent to the Court a letter motion for relief, received on June 7, 2021, asserting claims under the safety valve and the First Step Act of 2018. (CR Doc. 151.) The Court construed the pleading as a § 2255 motion, and on June 7, 2021, the pleading was filed

as such.  (CV Doc. 1.)  On June 11, 2021, the Court provided Rakestraw with the warnings set forth in *Castro v. United States*, 540 U.S. 375 (2003).  (CV Doc. 3.)  Rakestraw was given until July 26, 2021, to either withdraw his motion, or amend it to include all the claims he wished to raise with respect to his conviction in Case Number 3:17-cr-469-M-1.  (*Id.*)  The Court warned Rakestraw that if he failed to include all grounds in his § 2255 motion, he may be barred from presenting additional grounds later.  (*Id.*)  The Clerk of Court sent him the standard § 2255 form for use, if he chose to amend.

On June 29, 2021, the Court received Rakestraw's motion for a court appointed attorney.  (CV Doc. 4.)  The next day, the Court denied that motion without prejudice.  (CV Doc. 5.)  Finally, on July 16, 2021, the Court received the subject's motion (CV Doc. 6), by which Rakestraw moves to withdraw the letter motion which the Court intended to recharacterize as a § 2255 motion.

## Discussion

Considering the statutory restrictions on "second or successive" motions under § 2255, the Supreme Court has held that before a district court recharacterizes a *pro se* litigant's motion as his first § 2255 motion, it must:

> [1] notify the *pro se* litigant that it intends to recharacterize the pleading, [2] warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and [3] provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383; *see also United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019); *Hopes v. Davis*, 761 F. App'x 307, 309 (5th Cir. 2019).

On June 11, 2021, Rakestraw was advised that the Court intended to recharacterize his letter motion as a § 2255 motion.  He was further advised that he could either withdraw the motion

2

or amend it to include all of his claims. Rakestraw's motion to withdraw was received by the Court on July 16, 2021, well within the time he was afforded to make an election, and in it he makes clear his decision not to have his letter motion recharacterized as a § 2255 motion, but rather to withdraw it. For these reasons, the Court will grant Rakestraw's motion to withdraw and allow him to withdraw his pleading.

Rakestraw is advised that if he later elects to file a § 2255 motion, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f). In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1).

## Conclusion

Consistent with the foregoing, Rakestraw's motion to withdraw (CV Doc. 6) is GRANTED, and this § 2255 action is DISMISSED without prejudice.

Signed July 26, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE